REDMANN, Judge.
Plaintiffs appeal from the dismissal on the merits of their suit for damages from plaintiff’s wife’s personal injury from falling from defendant transit corporation’s bus.
The trial judge accepted the testimony of the bus driver and the corporation’s maintenance supervisor that the bus did not and (because of a brake-locking mechanism) could not begin moving while its back door remained open.
Plaintiff wife did testify that the bus started off while she was stepping down from the back door. But she also testified that “whatever happened, you know, I can’t really remember. . . . Evidently I must have hit my head on something because I was groggy, I really couldn’t remember, you know, everything that happened.”
One plaintiff witness was a block away and could not say how the fall occurred. Another, who did say the bus was moving while the door was opened, also said “I don’t believe she stepped down on the bus [sic; bus step?]; I think she stepped down on the ground.” However, it is fair to say that plaintiffs’ witnesses would support a conclusion that the bus had begun to move forward as plaintiff exited through the back door.
But on application for new trial, the trial judge made it clear that he based his judgment on his evaluation of the witnesses. He said the bus driver “looked to be the kind of man who wouldn’t tell a lie if —[interrupted by counsel].” The bus driver’s only direct conflict with some of plaintiff’s witnesses was his denial of any yelling by other passengers that a lady had been hurt, but to that extent those witnesses were disbelieved. The trial judge also emphasized that defendant’s maintenance supervisor gave not merely theoretical testimony but factual testimony, namely that he examined the door-brake interlock system three hours after the accident and *417 found it in perfect working condition. Generally, plaintiffs’ witnesses, even plaintiff wife herself, were not strongly positive and the trial court indicated that circumstances such as their location in the bus may have prevented a completely clear view of the occurrence.
The trial judge’s language at one point did refer to “physical impossibility” of movement with open door. Plaintiffs cite Alexander v. New Orleans Pub. Serv., Inc., La.App.1972, 262 So.2d 538, in which the defendant conceded that the interlock had failed. However, we understand the quoted language in our context as meaning only that physical impossibility at the time of the accident was established by proof that, shortly after the accident, it was in fact impossible to make the bus move while the door was open.
Despite our recognition of the earnestness of plaintiff wife’s belief that it was the bus’s moving away rather than a misstep by herself which caused her unfortunate injury, we simply cannot say that the district judge erred in rejecting her claim.
The judgment is affirmed.